# Exhibit A

SHELBY COUNTY
CHANCERY COURT
NOV 22 2013
DONNA L. RUSSELL, C & M
TIME: 937   BY: PB

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

LEE AND CARLTON, INC.,

    Plaintiff,

v.      Docket No. CH-13-1739-1

ELAVON, INC.,

    Defendant.

**COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, FOR AN ACCOUNTING, FOR MONEY DAMAGES, FRAUD, PUNITIVE DAMAGES, ATTORNEY FEES, AND COSTS**

To the Honorable Chancellors of the Courts of Shelby County Tennessee.

COMES NOW the Plaintiff, Lee and Carlton, Inc. ("Plaintiff" and/or "L&C"), and would show unto the Court as follows:

### I.
### Parties

1. Plaintiff is a Mississippi corporation located in Southaven, Mississippi.

2. Elavon, Inc. ("Defendant" and/or "Elavon") upon information and belief is a corporation existing under the laws of Georgia with its principal place of business in Knox County, Tennessee. Its agent for service of process is C.T. Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

### II.
### Jurisdiction and Venue

3. The jurisdiction of this Honorable Court is invoked pursuant to TCA § 16-11-101 *et seq.* and § 20-2-214, because Defendant maintains a principal place of business at 7300 Chapman

1

Highway, Knoxville, Tennessee 37920-6612 and all the acts complained of occurred in Tennessee within Shelby County. Venue is proper in that Defendant did business with Plaintiff in Shelby County and the actions by Defendant, described below, occurred to Plaintiff in Shelby County and in DeSoto County Mississippi.

### III.
### Facts

4. Plaintiff owns and operates a Fantastic Sams Salon in Southaven, Mississippi.

5. In connection with the operation of its salon, it engaged Defendant to provide merchant services in connection with credit transactions.

6. Defendant assigned MERCHANT IDENTIFICATION number 8022696978.

7. On April 30, 2013, L&C first placed Elavon on notice of its desire that funds processed through Elavon for it not to be deposited into a SunTrust account in the name of L&B Salons LLC, an account maintained by a Nick Luciano, and which salon is totally unrelated to L&C.

8. Specifically on April 30, 2013, Scott Carlton, an officer and director of L&C, conducted a conference call in the presence and with the participation of Trustmark Bank representatives and a representative of Elavon.

9. That Elavon representative informed Scott Carlton and the Trustmark Bank representatives that L&C needed to submit a change of account request form and instructed L&C not to batch until the merchant services account was attached to the newly opened account at Trustmark Bank.

10. On or about May 1, 2013, L&C complied with these Elavon's directives and submitted the forms, but Elavon required that the forms be resubmitted due to a missing item. L&C did so.

11. On May 6, 2013, another conference call was conducted with Elavon with the participation of a Trustmark Bank representative and Scott Carlton wherein the Elavon representative explicitly instructed L&C not to batch until May 9, 2013.

12. Elavon stated that waiting to batch until May 9, 2013, would allow more than sufficient time for the <u>original</u> MERCHANT IDENTIFICATION number to be attached to the Trustmark Bank account.

13. As directed by Elavon, on May 9, 2013, Scott Carlton batched out for L&C. However, on May 10, 2013, when Mr. Carlton called Trustmark to verify the receipt of the funds from Elavon, the funds were not in L&C's Trustmark account.

14. On Monday, May 13, 2013, a Trustmark Bank representative spoke with an Elavon representative in order to track the funds which were batched May 9, 2013. At that time the Elavon representative admitted that although she did not know where the batched funds were, she was certain that the funds had not been deposited to the SunTrust account (the former account of L&C).

15. On Thursday, May 16, 2013, Mr. Carlton and a Trustmark representative conducted a conference call with an Elavon representative who had previously assured L&C that its merchant money was safe and not being deposited into account not controlled by it which Defendant's representatives were located in Defendant's Knoxville, Tennessee office.

16. On May 16, 2013, Elavon, for the first time, informed L&C that L&C must have a <u>new</u> MERCHANT IDENTIFICATION number in order for deposits to be made into the new Trustmark Bank account.

17. In the course of the afore described conduct of Elavon's representatives, for the time period of April 30, 2013, to May 22, 2013, Elavon failed to hold the funds as promised but rather

3

deposited the funds into the SunTrust account belonging to L&B (Nick Luciano), which entity is totally unrelated and not a part of L&C.

18. During that time period of April 30, 2013, to May 22, 2013, Elavon improperly deposited $8,443.55 into L&B's SunTrust account, an account that L&C did not control or have access.

19. Between August 17, 2012 and April 30, 2013, Elavon impermissibly deposited L&C monies into the L&B Salon's account.

20. Due to the afore described acts L&C has suffered damages in the amount of $98,969.31.

## Count I
## Breach of Contract, and Covenant of Good Faith, and Fair Dealing

21. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 20.

22. Of the acts complained about above, Plaintiff claims Defendant is guilty of a breach of contract, breach of fiduciary duty and aiding and abetting tortious conduct, both statutory and common law, of the acts by Nick Luciano.

23. The afore described acts of Defendant constitute a breach of duty of good faith and fair dealing, implied in every contract under Tennessee law, resulting in Plaintiff being deprived of its property.

## Count II

24. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 23.

25. Plaintiff's alleges that Defendant made representations that it was holding Plaintiff's funds and same were safe; the representation of the funds being safe and secured was false when

4

made; the status and safety of the funds was of the upmost importance and material to Plaintiff's financial well-being; that Defendant knew its representation was false and/or the representations were recklessly made; that Plaintiff reasonably relied on these misrepresentations and it suffered damages as set out in paragraphs 9 through 20 supra.

### Count III

26.  Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 25.

27.  The afore described acts constitute fraudulent concealment and fraud by Elavon, in acting in concert with Nick Luciano to facilitate his misappropriation of L&C funds.

### Count IV
### Accounting

29.  Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations which are contained in the paragraphs above.

30.  Plaintiff is entitled to an accounting performed by an independent party or by a Special Master appointed by this Honorable Court to determine the amounts of Plaintiff's monies that were impermissibly deposited into the SunTrust account belonging to L&B Salons or such monies that were deposited elsewhere or into other accounts within SunTrust Bank and in reference to which L&C does not control.

### Count VI
### Conversion

32.  Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations which are contained in the paragraphs above.

33.  Defendant's direct and indirect taking of Plaintiff's funds, as described supra, is an unlawful taking and conversion of Plaintiff's property for which Defendant should be liable.

5

## Count VII
### Tennessee Consumer Protection Act Violations

34. Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations which are contained in the paragraphs above.

35. Plaintiff was deceived by Defendant into believing that its money was being held, that the monies were safe, and by impermissibly depositing Plaintiff's monies into L&B Salon's account.

36. These actions taken by Defendant are in direct violation of the Tennessee Consumer Protection Act ("TCPA") at Tennessee Code Annotated § 47-18-104 and constitutes deceptive acts and practices and unfair acts and practices when in fact Defendant engaged in deception which caused Plaintiff to suffer an ascertainable loss of money of at least $98,969.31 and for which Defendant should be liable for damages, treble damages of $296,907.93, reasonable attorney fees, and costs.

## Count VIII
### Detrimental Reliance

37. Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations which are contained in the paragraphs above.

38. Plaintiff detrimentally relied on Defendant's representations that its money was being held and the monies were safe.

39. Plaintiff detrimentally relied on Defendant's representation that it was not depositing monies into SunTrust Bank.

40. These actions by Defendant entitle Plaintiff to recover its damages.

## Prayer for Relief

WHEREFORE, premises considered, Plaintiff respectfully prays for and demands the following:

A. That judgment be entered against Defendant on all Counts for damages, interest and costs, including attorney's fees, costs, discretionary costs and punitive and/or treble damages, as the actions of Defendant were fraudulent, intentional, reckless and/or malicious such that it is warranted to impose punitive and/or treble damages.

B. That the Court enter an Order requiring an independent party or Special Master to render an accounting to determine the amounts and locations of Plaintiff's monies that were deposited within SunTrust Bank.

C. The Court award Plaintiff such other and further relief to which it is entitled or which this Court deems just and proper.

Dated this 22 day of November, 2013.

Respectfully submitted:

Stephen H. Biller (#007764)
THE BILLER LAW FIRM
1000 Ridgeway Loop Road, Suite 305
Memphis, Tennessee 38120
Tel: (901) 763-1800
Fax: (901) 259-5380
sbiller@thebillerlawfirm.com
*Attorney for Plaintiff*